## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| REA K.[1] | ) |
| | ) |
|         Plaintiff, | ) |
| | ) |
| vs. | )   Civil No. 3:25-cv-00289-GCS |
| | ) |
| COMMISSIONER of SOCIAL SECURITY, | ) ) |
| | ) |
|         Defendant. | ) |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

In accordance with 42 U.S.C. § 405(g), Plaintiff, through counsel, seeks judicial review of the final agency decision denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").[2]

### PROCEDURAL HISTORY

On June 27, 2022, Plaintiff filed an application for SSI alleging a disability onset date of January 1, 2021. Initially, the claim was denied on July 28, 2023, and again, upon reconsideration on June 3, 2024. After holding an evidentiary hearing via telephone on December 5, 2024, an Administrative Law Judge ("ALJ") denied the application on

---

[1]   Plaintiff's full name will not be used in this Memorandum & Order due to privacy concerns. *See* FED. R. CIV. PROC. 5.2(c) and the Advisory Committee Notes thereto.

[2]   This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. § 636(c). *See* (Doc. 17).

January 2, 2025. (Tr. 17-26). On February 12, 2025, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final agency decision subject to judicial review. (Tr. 1). Plaintiff exhausted administrative remedies and filed a timely complaint with this Court.

## ISSUE RAISED BY PLAINTIFF

Plaintiff raises the following issue: The Commissioner erred as a matter of law by failing to evaluate the credibility of Plaintiff's sworn hearing testimony.

## APPLICABLE LEGAL STANDARDS

"The [SSA] provides benefits to individuals who cannot obtain work because of a physical or mental disability." *Biestek v. Berryhill*, 587 U.S. 97, 98 (2019) Disability is the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018) (citing 42 U.S.C. § 423(d)(1)(A)); *Cain v. Bisignano*, 148 F.4th 490, 496 (7th Cir. 2025).

To determine whether a claimant is disabled, the ALJ considers the following five questions in order: (1) Is the claimant presently unemployed? (2) Does the claimant have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the claimant unable to perform his former occupation? and (5) Is the claimant unable to perform any other work? *See* 20 C.F.R. § 404.1520.

An affirmative answer at either step 3 or step 5 leads to a finding that the claimant is disabled. A negative answer at any step, other than at step 3, precludes a finding of disability. The claimant bears the burden of proof at steps 1–4. Once the claimant shows an inability to perform past work, the burden then shifts to the Commissioner to show the claimant's ability to engage in other work existing in significant numbers in the national economy. *See Sevec v. Kijakazi*, 59 F.4th 293, 298 (7th Cir. 2023); *Fetting v. Kijakazi,* 62 F.4th 332, 336 (7th Cir. 2023) (citations omitted).

It is important to recognize that the scope of judicial review is limited. "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Accordingly, this Court is not tasked with determining whether or not Plaintiff was, in fact, disabled at the relevant time, but whether the ALJ's findings were supported by substantial evidence and whether any errors of law were made. *See Jarnutowski v. Kijakazi, 48* F.4th 769, 773 (7th Cir. 2022) (citations omitted). The Supreme Court defines substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek*, 587 U.S. at 103; *Pufahl v. Bisignano,* 142 F.4th 446, 454 (7th Cir. 2025) (citations omitted).

In reviewing for "substantial evidence," the entire administrative record is taken into consideration, but this Court does *not* reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its own judgment for that of the ALJ. *Pufahl,* 142 F.4th at 454 (7th Cir. 2025) (citations omitted). While judicial review is deferential, it is not abject; this Court does not act as a rubber stamp for the Commissioner. *See Stephens*, 888 F.3d at 327 (citations omitted).

### THE DECISION OF THE ALJ

The ALJ followed the five-step analytical framework described above. He determined that Plaintiff had not worked at the level of substantial gainful activity since June 28, 2022, the application date. The ALJ found that Plaintiff had the following severe impairments: Gilbert's syndrome, Ehlers-Danlos syndrome, endocrine disorder, obesity, depression, anxiety, and gender dysphoria (Tr. 19).

The ALJ found that Plaintiff had the residual functional capacity ("RFC") "to perform light work except "they can occasionally climb ramps, and stairs, and never climb ladders, ropes, or scaffolds. They can occasionally balance, stoop, kneel, crouch, and crawl. They can perform work that occasionally requires exposure to hazards such as unprotected heights and moving machine parts. They can frequently handle bilaterally. They can concentrate sufficiently to perform simple tasks for two hours a time without breaks, redirection, or reminders to stay on task. They can frequently interact with supervisors, co-workers, and the public. They can work in an environment that may require adapting to infrequent, simple, changes in the workplace." (Tr. 21). Thus, the ALJ found Plaintiff was not disabled.

### THE EVIDENTIARY RECORD

The Court has reviewed and considered the entire evidentiary record in preparing this Memorandum & Order. The Court finds the ALJ's summary of the record in his decision when compared with the point raised by Plaintiff, is sufficiently comprehensive

except for the hearing testimony. Thus, the Court will summarize that portion of the record.

Plaintiff was represented by an attorney, Mr. Gorsky, at the hearing in December 2024. (Tr. 37). Plaintiff is 28 years old. He graduated from high school and trade school. He previously worked as a massage therapist but stopped due to physical limitations. (Tr. 54). He has a driver's license but does not own a vehicle. Driving causes him anxiety and panic attacks. (Tr. 55, 56). He is 5'7" and weighs 214 pounds. (Tr. 54). He is a single father and takes care of his daughter. (Tr. 45).

Plaintiff has hyper mobile Ehlers-Danlo Syndrome ("EDS"), which is a connective tissue disorder that affects his joints. This syndrome causes joint dislocation, muscle pain, and chronic fatigue. (Doc. 43). He also has overly sensitive eyes and very sensitive skin. His immune system is compromised. (Tr. 43). He has constant pain in his back, hips, and shoulders.[3] (Tr. 44). He has difficulty standing or walking for extended periods.[4] During EDS flare-ups he uses a rollator. (Tr. 46). Because of fatigue, Plaintiff has issues lifting,

---

[3]   Plaintiff developed scoliosis within the last couple years. (Tr. 44).

[4]   Without the rollator, Plaintiff can stand about 10 minutes before he starts to feel dizzy and around 20 minutes he must sit down. (Tr. 48). He can also walk without the rollator about 30 minutes at a slow pace before needing a break. (Tr. 49).

carrying, and bending. (Tr. 58). Plaintiff further testified that because of the chronic fatigue, there are days it is hard to get out of bed. (Tr. 45).

Plaintiff testified that he has Bipolar Disorder for which he is being treated. (Tr. 50).[5] He experiences frequent mood swings and has problems concentrating and staying focused because of his ADHD. (Tr. 52).

On a scale of 1 to 10, Plaintiff's pain ranges from 5 on a good day to 9 on bad days. (Tr. 57). He has learned to be able to do housework; he does not really cook meals and does laundry by using the rollator to take the laundry to the laundry facility.[6] (Tr. 59, 60).

A vocational expert ("VE") also testified. The VE testified that a person with Plaintiff's RFC assessment could not do Plaintiff's past work but could do other jobs at the light exertional level. (Tr. 65).

### DISCUSSION

The Court addresses Plaintiff's argument that the ALJ failed to properly evaluate the credibility of Plaintiff's sworn hearing testimony. Specifically, Plaintiff argues that the ALJ only referenced statements from function reports while "completely failing to address Plaintiff's sworn testimony regarding functional limitations." (Doc. 16, p. 13). The Court agrees that the ALJ did not adequately explain his assessment of Plaintiff's subjective complaints. Based on the foregoing, the Court finds that remand is required for a proper evaluation of the Plaintiff's subjective symptoms.

---

5  His bipolar disorder used to be worse, but it is better now with treatment. He recently experienced a small manic episode. (Tr. 50, 51).

6  Plaintiff does not fold the laundry; the clothes are kept in bins. (Tr. 60).

The ALJ is "in the best position to determine a witness's truthfulness and forthrightness . . . [and thus, the] court will not overturn an ALJ's credibility determination unless it is 'patently wrong.'" *Shideler v. Astrue*, 688 F.3d 306, 310–311 (7th Cir. 2012) (quoting *Skarbek v. Barnhart*, 390 F.3d 500, 504–505 (7th Cir. 2004)). But, when the credibility determination rests on "objective factors or fundamental implausibilities rather than subjective considerations [such as a claimant's demeanor], appellate courts have greater freedom to review the ALJ's decision." *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000). When making the credibility determination, "an ALJ must adequately explain his credibility finding by discussing specific reasons supported by the record." *Pepper v. Colvin*, 712 F.3d 351, 367 (7th Cir. 2013); SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016) (superseding SSR 96-7p).[7] Additionally, while an ALJ is not required to provide a complete written evaluation of every piece of testimony and evidence, reversal and remand is required where the ALJ "provides nothing more than a superficial analysis[.]" *Rice v. Barnhart*, 384 F.3d 363, 370 (7th Cir. 2004). As such, an ALJ cannot simply state that an individual's allegations have been considered or that the individual's allegations are not credible. Rather, the ALJ must "give[] specific reasons for [a credibility] finding, supported by substantial evidence." *Myles v. Astrue*, 582 F.3d 672, 676 (7th Cir. 2009).

---

[7]    SSR 96-7p referred to a claimant's "credibility," but SSR 16-3p removed that term to "clarify that subjective symptom evaluation is not an examination of the individual's character." SSR 16-3p, 2016 WL 1119029, at * 1 (Mar. 16, 2016). Instead, ALJs are reminded to "consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that an individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms," as consistent with the regulations. *Id.* Under either SSR version, the outcome of this case would be the same.

The process for evaluating a claimant's symptoms is organized around two major steps. First, the claimant must provide objective medical evidence of a medically determinable impairment or combination of impairments that reasonably could be expected to produce the alleged symptoms. *See* 20 C.F.R. § 404.1529(a)-(b). Second, after the claimant satisfies the first step, the ALJ must then evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities. *See* 20 C.F.R. § 404.1529(c). In evaluating allegations of pain, adjudicators are directed to consider whether the symptoms are "consistent with the objective medical [evidence] and other evidence in the individual's record." SSR 16-3p, 2016 WL 1119029, at *2 (Mar. 16, 2016). *See also* 20 C.F.R. § 404.1529(a) (explaining that the agency considers both "objective medical evidence and other evidence" in evaluating whether an impairment affects activities of daily living and the ability to work).

Objective medical evidence is merely one factor to be considered, and an ALJ is not free to "disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms alleged by the individual." SSR 16-3p, 2016 WL 1119029, at *5 (Mar. 16, 2016). Other factors that the ALJ should examine include "daily activities, allegations of pain, aggravating factors, types of treatment received and medication taken, and 'functional limitations.'" *Simila v. Astrue*, 573 F.3d 503, 517 (7th Cir. 2009) (quoting 20 C.F.R. § 404.1529(c)(2)-(4)). An ALJ may not disregard subjective complaints "solely because they are not substantiated by objective

Page **8** of **11**

medical evidence." *Hall v. Colvin*, 778 F.3d 688, 691 (7th Cir. 2015); *Vanprooyen v. Berryhill*, 864 F.3d 567, 572 (7th Cir. 2017) (quoting *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009)). *See also Carradine v. Barnhart*, 360 F.3d 751, 754 (7th Cir. 2004) (stating that "[p]ain is always subjective in the sense of being experienced in the brain."). "[P]ain alone can be disabling . . . [therefore] [t]estimony of severe pain cannot be disregarded simply because it is not supported by objective medical evidence." *Stark v. Colvin*, 813 F.3d 684, 688 (7th Cir. 2016). An ALJ's "failure to adequately explain his or her credibility finding . . . is grounds for reversal." *Minnick v. Colvin*, 775 F.3d 929, 937 (7th Cir. 2015).

Here, the ALJ found that Plaintiff's "medically determinable impairments significantly limit the ability to perform basic work activities as required by SSR 85-28." (TR. 19). Even so, the ALJ concluded: "the undersigned finds that the claimants medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record . . . ." (Tr. 22). As to Plaintiff's hearing testimony, the ALJ *merely* stated: "the claimant testified at the hearing to being 5 feet, 8 inches tall, and weighing 214 pounds. This would result in the claimant's body mass index (BMI) to be in excess of 30, indicating obesity. The physical consultive examination performed by Dr. Lane on May 13, 2024 also notes a BMI in excess of 30 as well. (Exhibit 16F). Obesity, by itself or in concert with other impairments, can result in exertional and postural limitations, as well as limitations on responding to workplace hazards. The residual functional capacity accounts for these limitations." (Tr. 24).

Here, the ALJ's subjective symptom analysis provides no connection between Plaintiff's symptom testimony and the objective medical evidence to support his conclusion discounting Plaintiff's statements about the intensity, persistence, and limiting effects of his symptoms. The ALJ recited medical evidence that may fit into the Section 1529 categories listed above but failed to discuss all the factors clearly. *See* (Tr. 22-24). Further, the ALJ recounted Plaintiff's symptoms from the function report. (Tr. 22; Exhibit 11-E). However, the ALJ is not specific about why he did not fully credit Plaintiff's hearing testimony concerning any of his ailments. Instead, the ALJ relies on boilerplate language regarding the treatment and medical records not supporting the limitations described by Plaintiff without explaining why the records contradict his testimony regarding his chronic fatigue and pain from Ehlers-Danlos syndrome; panic attacks, Bi-Polar, ADHD, difficulty concentrating, needing reminders for tasks, struggling with stress, and using a rollator during flare-ups. *See, e.g., Bjornson v. Astrue*, 671 F.3d 640, 645 (7th Cir. 2012) (noting that "[s]uch boilerplate language fails to inform us in a meaningful, reviewable way of the specific evidence the ALJ considered in determining that claimant's complaints were not credible.") (internal citation and quotation marks omitted).

The record contains several limitations on how Plaintiff performed his daily activities. There are portions of the record which demonstrate Plaintiff's hearing testimony, including Dr. Flock's report estimating 3-4 days missed workdays per month, the need for unscheduled breaks throughout the day, the use of mobility devices during flairs, and that Plaintiff was not malingering. (Tr. 1475-81; Exhibit 24F). As additional

support, there are mental health records from Costal Mental Health Center and JP Faculty Clinic showing anxious mood, restlessness, and congruent affect. (Tr. 411-495, 700-717, 751-853,1626-1714; Exhibits 2F, 7F, 10F, and 30F). The ALJ failed to properly evaluate Plaintiff's testimony symptoms and that failure directly impacted the RFC and the vocational analysis. As such, the Court finds that the ALJ erred in the manner in which he considered Plaintiff's subjective factors.

The ALJ's error requires remand. "If a decision 'lacks evidentiary support or is so poorly articulated as to prevent meaningful review,' a remand is required." *Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012) (internal citation omitted).

This Memorandum & Order should not be construed as an indication that the Court believes that Plaintiff was disabled during the relevant period or that he should be awarded benefits. On the contrary, the Court has not formed any opinions in that regard and leaves those issues to be determined by the Commissioner after further proceedings.

## CONCLUSION

The Commissioner's final decision denying Plaintiff's application for disability benefits and supplemental security income is **REVERSED** and **REMANDED** to the Commissioner for rehearing and reconsideration of the evidence, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment in favor of Plaintiff.

**IT IS SO ORDERED.**

**DATED: October 28, 2025.**

Gilbert C Sison
Digitally signed by Gilbert C Sison
Date: 2025.10.28 14:06:17 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**